IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| DWIGHT H. GREEN, | :: | MOTION TO VACATE |
| Movant pro se, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 4:09-CR-0034-RLV-WEJ-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 4:12-CV-0306-RLV-WEJ |

## **FINAL REPORT AND RECOMMENDATION**

This matter is currently before the Court on Dwight H. Green's pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [139] ("Motion to Vacate"). On December 17, 2012, the Court ordered Mr. Green to amend his forty-six-page Motion to Vacate within thirty days and directed him to (1) clearly and concisely specify on what grounds he seeks relief and (2) briefly state the facts supporting each ground. (Order of Dec. 17, 2012 [140], at 2.) The Court advised Mr. Green that failure to file an amended Motion to Vacate within the specified period of time may result in the dismissal of this action. (Id.)

Mr. Green then filed a Motion [143] asking the Court (1) for "an informal loan" of nearly all of the pleadings, transcripts, and other documents filed in his criminal case, (2) to "stay" the Court's Order directing him to amend his Motion to Vacate until

he has received and reviewed those documents, and (3) to direct prison officials to provide him "paper, copies, and postage" for those documents. The Court denied Mr. Green's Motion, but granted him an extension until February 6, 2013 to amend his Motion to Vacate. (Order of Jan. 18, 2013 [145], at 2.)

Mr. Green filed another Motion [146] requesting, in pertinent part, (1) copies of nearly all of the pleadings, transcripts, and other documents filed in his criminal case, and (2) an extension of time to amend his Motion to Vacate. On February 19, 2013, the Court entered an Order [147] denying Mr. Green's request for copies of Court documents because Mr. Green was "not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error," Walker v. United States, 424 F.2d 278, 279 (5th Cir. 1970).[1]  However, the Court granted Mr. Green a final fourteen-day extension to amend his Motion to Vacate. (Order of Feb. 19, 2013 [147], at 2.) The Court again advised Mr. Green that failure to file an amended Motion to Vacate within the specified period of time may result in the dismissal of this action. (Id.) More than fourteen days have passed since entry of the Order, and Mr. Green has not complied.

---

[1] Decisions of the former Fifth Circuit filed prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2

The Court's Local Rules provide that "[t]he court may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . [a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case." N.D. Ga. R. 41.3(A)(2). Mr. Green has not complied with the Court's Orders to amend his Motion to Vacate. Accordingly, the undersigned **RECOMMENDS** that Mr. Green's Motion to Vacate [139] be **DISMISSED WITHOUT PREJUDICE** for his failure to follow lawful orders of this Court.

The undersigned **FURTHER RECOMMENDS**, pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, that the Court decline to grant Mr. Green a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral of the Motion to Vacate to the undersigned.

**SO RECOMMENDED**, this 19th day of March, 2013.

_Walter E. Johnson_
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

3